IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOL ENERGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-01284C-BAF |
| v. | ) | (Senior Judge Futey) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## UNOPPOSED MOTION TO STAY PROCEEDINGS

Defendant, the United States, respectfully submits this motion to stay the proceedings in this lawsuit. The liability issues presented in this case are identical to those involved in *Consolidation Coal Co., et al. v. United States*, No. 01-254 (Fed. Cl.), which involves the same counsel as this case. What is more, the interests of judicial economy will best be served by staying action upon these claims until the liability question, as well as any disputes regarding the amounts of fees allegedly collected in violation of the Export Clause, are finally resolved with respect to the five "test plaintiffs" in the *Consolidation Coal* case. Undersigned counsel has communicated with counsel for plaintiff, Consol Energy, Inc., who agrees that this case should be stayed and, thus, does not oppose the relief we seek.

1. In *Consolidation Coal*, plaintiffs contend that, under the Export Clause of the United States Constitution, the collection of the Abandoned Mine Lands ("AML") fee pursuant to the Surface Mining Coal Restoration Act of 1977 ("SMCRA") is unconstitutional, as applied to exported coal. Although this Court initially agreed with the Government's motion to dismiss those claims upon jurisdictional grounds, 54 Fed. Cl. 14 (2002), the Court of Appeals for the Federal

Circuit held that, under the Tucker Act, this Court possesses jurisdiction to consider the merits of plaintiffs' claims. 351 F.3d 1376 (2003).

Upon remand in *Consolidation Coal*, this Court ruled that collection of the AML fee violated the Export Clause. 64 Fed. Cl. 718 (2005). The parties to that case then agreed to conduct limited discovery related to the amount of AML fees paid upon exported coal by five "test plaintiffs." That discovery is currently being conducted; further proceedings before this Court and upon appeal will probably follow.

2. This lawsuit presents identical legal issues to those presented in the *Consolidation Coal* case. Indeed, other than the filing dates of the respective complaints (which will affect the calculations of amounts of claimed compensable fees paid in violation of the Export Clause), there are no material differences in the claims pursued in a total of nine lawsuits pending on this Court's docket.[1]

3. The remaining (non-"test") plaintiffs in *Consolidation Coal*, as well as the plaintiffs in most of the similar cases, *see* cases listed in note 1 above (except *Peabody Holding Co., et al.*, which was recently filed), have effectively been stayed, pending final resolution of the claims of the five test plaintiffs in *Consolidation Coal* by this Court or upon appeal. We respectfully submit that the interests of judicial

[1] In addition to this case and *Consolidation Coal*, these cases include: *Rapoca Energy Co., LLC v. United States*, No. 01-442 (Futey, J.); *Alliance Coal, LLC v. United States*, No. 02-84 (Wiess, J.); *Clinchfield Coal Co. v. United States*, No. 02-69C (Bush, J.); *Eaglehawk Carbon v. United States*, No. 01-443C (Williams, J.); *Red River Coal Co. v. United States*, No. 01-441C (George Miller, J.); *Alex Energy, Inc. v. United States*, No. 05-929C (Futey, J.); and *Peabody Holding Co., et al. v. United States*, No. 05-01211 (Futey, J.).

economy will be best served by staying the proceedings in this case in the same manner. As explained above, each of the related complaints present the same set of issues: whether the relevant provisions of the SMCRA and the related AML reclamation fee regulations violate the Export Clause. The amounts of the fees paid by each plaintiff will be fact-specific, though the intention with the test plaintiff procedure was to resolve as many common disputes between the parties as possible.

Much of the groundwork that would be necessary to conduct proceedings in this case has already been performed – and/or is currently being performed – in the *Consolidation Coal* case. We respectfully submit that it would be needlessly inefficient for the parties to draft and submit similar (if not identical) factual and legal briefing in the remaining cases, for several Judges of this Court to consider those materials, and (with respect to this case and *Peabody Holding*) for the cases to proceed at different stages of development as a result of different filing dates. Instead, we believe that principles of judicial economy strongly support ordering a stay of proceedings in this case while the parties complete litigation with respect to the five "test plaintiffs" in *Consolidation Coal* – including any appeal to the Court of Appeals for the Federal Circuit (or the Supreme Court). Indeed, a final decision (*i.e.*, from the Court of Appeals for the Federal Circuit or the Supreme Court) with respect to liability and any disputed damages issues in *Consolidation Coal* will control the disposition of those issues in this case.

**4.** For the reasons set forth above, we respectfully ask that these proceedings be stayed until the liability issues are finally resolved in the *Consolidation Coal* case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Jeanne E. Davidson

JEANNE E. DAVIDSON
Deputy Director

s/ Luke Levasseur

LUKE LEVASSEUR
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530
Telephone: (202) 616-0464
Telecopier: (202) 305-7643

Counsel for Defendant

Of Counsel:

THOMAS BOVARD
DANIEL W. KILDUFF
Department of the Interior

January 3, 2006